IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  08-60953-CIV-COHN/SELTZER

MICHAEL G. PLUNKETT, derivatively on behalf
of SIMPLY FIT HOLDINGS GROUP, INC.,

    Plaintiff,

    vs.

CORT L. POYNER; DANIEL MINAHAN; DP
MINAHAN, INC.; SILVERMAN & MINAHAN
BEVERAGE COMPANY, LLC; THE
SILVERMAN & MINAHAN GROUP, LLC;
MAZEL TUFF, LLC; ROBERT L. COX;
CARL FELDMAN; SMITTEN PRESS:
LOCAL LORE AND LEGEND, INC. and
ALTMAN & COMPANY P.C.,

    Defendants,

SIMPLY FIT HOLDINGS GROUP, INC.,

    Derivative Plaintiff and
    Nominal Defendant.
_____/

## ORDER DENYING MOTION FOR APPROVAL OF SETTLEMENT

THIS CAUSE is before the Court upon Plaintiff and Defendants' Motion for Approval of Mediated Settlement of Rule 23.1 Shareholder Derivative Suit [DE 82], the Objection to the Proposed Settlement filed by Vincent Beatty and Devken, Inc. [DE 85] and the Responses thereto [DE's 88 and 89].  The Court held an evidentiary hearing on whether the Objectors had standing on July 29, 2009 [DE 95] wherein the Court considered the credibility of the witness, Vincent Beatty, and heard the argument of counsel.

I.  BACKGROUND

Plaintiff filed this derivative action against several officers and corporations alleging claims for breach of fiduciary duty, fraudulent transfers, conversion, corporate waste, trademark infringement, civil conspiracy, RICO, declaratory judgment, and for various forms of equitable relief.  The parties also have lawsuits pending in federal court in New York.  While several motions to dismiss were pending in this case, the parties settled this action.

The Settlement Agreement annuls many of the notes, assignments and other allegedly self-dealing transactions that the defendants used to transfer assets to themselves (allegedly) at the expense of Simply Fit Holdings Group, Inc. ("the Company").  The intent of the settlement is for Defendants to relinquish any further role in the management of the Company and give control to the owner of the majority of the outstanding shares of stock to Plaintiff, Michael Plunkett.

After the Court set a fairness hearing and a process for objections, Vincent Beatty and Devken, Inc. (hereinafter "Objectors") filed written objections.  The Objectors appeared, via counsel, at the fairness hearing to contest the settlement on the grounds that it eliminated their claims against the Defendants.  Plaintiff and Defendants asserted that the Objectors lacked shareholder standing to contest the settlement.   The Court set the matter for an evidentiary hearing.

II.  DISCUSSION

A.  **Standing of Objectors**

The Objectors are an individual and his company who provided services to the Company while Defendants were in control.  Objectors procured private placement

funding for the corporation in exchange for a 10% finder's fee.  This agreement was memorialized in a short Finder's Fee Agreement, signed on August 13, 2007 by Vincent Beatty and Lester Kuznetz, the Executive Chairman of the Company.  Objector's Exhibit 1.  The funds from the private placement were received by the Company in the first and second quarters of 2008.

The Company only paid the Objectors about 20% of the $300,000 owed when a subsequent agreement was entered into between the Company and Devken, Inc. on June 6, 2008.  Plaintiff's Exhibit 2.  Vincent Beatty signed the agreement for Devken while Robert Cox signed as President of the Company.  This agreement compensated the Objectors with 1.8 million shares of common stock in the Company, in lieu of most of the remaining cash owed under the initial Finder's Fee Agreement.  The Company represented in the agreement that the shares are duly authorized, validly issued and exempt from registration.  Id., § 5(B).  The resulting shares represent an amount greater than the 400,000 shares held by Michael Plunkett, the plaintiff who filed this action.

Plaintiff and Defendants challenge whether the Objectors have standing as shareholders to object to the Settlement Agreement.  These parties note that they had never heard of the Objectors, that Mr. Beatty has no stock certificates and that no shares were registered in his name or his company's name.  The Court heard the testimony of Vincent Beatty describing the events that lead to execution of the above agreements between himself and the Company.  Neither Plaintiff nor Defendants presented evidence to suggest that the Company did not have the legal authority at the time to enter into the agreements with Objectors.  Plaintiffs attempted to show that the company was not solvent at the time of the June 8, 2008 agreement by submitting the

Company's bank statements for May and June of 2008, but these records do not show insolvency.  Plaintiff's Exhibit 1.

The Objectors assert that under Therrell v. Reilly, 151 So. 305, 306 (Fla. 1933), the Company is estopped from challenging the validity of the Objector's shares as they were duly contracted for by the Objectors and the Company.  As to the issue of registration, while registration of a security is required before it can be sold in the public markets, a private sale may be exempt from registration.  Morgan Stanley & Co. Inc. v. Coleman (Parent) Holdings Inc., 955 So.2d 1124, 1126 (Fla.Dist. Ct. App. 2007); Moecker v. Antoine, 845 So.2d 904, 907, n.3 (Fla.Dist.Ct.App. 2003).  To the extent the transfer of shares from the Company to Objectors was a private sale, the agreement does meet all the conditions contained in Fla. Stat. § 517.061 to be exempt from registration.[1]

The Court therefore concludes that the Objectors do have standing to contest the settlement as Objectors have a valid contract wherein they essentially purchased shares in lieu of payment for services rendered in helping the Company obtain financing.

### B.  Reasonableness of Settlement Agreement

The Objectors urge the Court to reject the settlement agreement because it would eliminate any claims the Objectors have as shareholders against the Defendants. "In determining whether to approve a proposed settlement, the cardinal rule is that the

---

[1] The Court notes that when setting the evidentiary hearing, it directed the parties to submit a memorandum on the legal requirements, if any, for registration of shares for a Florida corporation, and how a failure to register such shares affects standing to object to settlement of a shareholder derivative action.  None of the parties submitted such a memorandum.

District Court must find that the settlement is fair, adequate and reasonable...." In re Corrugated Container Antitrust Litigation, 643 F.2d 195, 207 (5th Cir. 1981).[2]  The "Dismissal" section of the Settlement Agreement does appear to preclude Objectors from enforcing their agreement against the defendants.  See page 5 of Settlement Agreement, attached to Order at DE 84 (first paragraph of "Dismissal" section).  Such a result is not fair, adequate and reasonable.

### III. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff and Defendants' Motion for Approval of Mediated Settlement of Rule 23.1 Shareholder Derivative Suit [DE 82] is hereby **DENIED**;

2. The parties shall each file a notice by August 28, 2009, as to which of their motions they wish to reinstate, identified by docket entry number;

3. By September 11, 2009, each party shall either file an updated response to the motions on the opposing party's reinstatement list or file a notice of relying upon their prior response;

4. A reply in support of the motion may only be filed if the opposing party files an updated response.  If no updated response is filed, the Court will rely on the

---

[2] The decisions of the United States Court of Appeals for the Fifth Circuit, as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for this court, the district courts, and the bankruptcy courts in the Circuit.  Bonner v. Pritchard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

previously filed reply, if one was filed.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 12th day of August, 2009.

JAMES I. COHN
United States District Judge

copies to:

Counsel of record via CM/ECF