UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 08-60953-CIV-COHN/SELTZER

MICHAEL G. PLUNKETT, derivatively on
behalf of SIMPLY FIT HOLDINGS GROUP, INC.,

    Plaintiff,

v.

CORT L. POYNER; DANIEL MINHAN; DP
MINAHAN, INC.; SILVERMAN & MINAHAN
BEVERAGE COMPANY, LLC; THE
SILVERMAN & MINAHAN GROUP, LLC;
MAZEL TUFF, LLC; ROBERT L. COX;
CARL FELDMAN; SMITTEN PRESS:
LOCAL LORE AND LEGEND, INC. and
ALTMAN & COMPANY P.C.,

    Defendants.

SIMPLY FIT HOLDINGS GROUP, INC.,

    Derivative Plaintiff and
    Nominal Defendant.
_____/

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITHOUT PREJUDICE

    **THIS CAUSE** is before the Court upon a Motion to Dismiss (the "Minahan/Poyner Motion") [DE 50] filed by defendants Daniel Minahan, Cort Poyner, DP Minahan, Inc., Mazel Tuff, LLC, The Silverman & Minahan Group, LLC and Silverman & Minahan Beverage Company, LLC (the "Minahan/Poyner Defendants") and a Motion to Dismiss  (the "Altman Motion") [DE 51] filed by defendant Altman & Company, P.C. ("Altman") (the Minahan/Poyner Motion and the Altman Motion are

collectively referred to as the "Motion" or "Motion to Dismiss").[1]  The Court has carefully considered the Motion to Dismiss, Plaintiff's response (the "Response") [DE 60], the Minahan/Poyner Defendants' reply [DE 68], the Altman's reply [DE 69] (the Minahan/Poyner reply and the Altman reply are collectively referred to as the "Reply"), and is otherwise fully advised in the premises.

## I.  BACKGROUND

This shareholder derivative action was commenced by Plaintiff on behalf of Simply Fit Holdings Group, Inc. (the "Company") by a complaint [DE 1] that was subsequently amended by a Verified First Amended Complaint (the "Complaint") [DE 13].  The Complaint contains twelve counts, including breach of fiduciary duty, fraudulent transfers, conversion, corporate waste, trademark infringement, civil conspiracy and a civil claim under 18 U.S.C. §1964 pursuant to the Racketeer Influenced and Corrupt Organizations Act ("RICO").  In addition to seeking damages, the Complaint also requests a declaratory judgment declaring certain contracts to be null and void, an accounting of funds, a preliminary and permanent injunction and appointment of a receiver.  Count XII is against defendant Altman only for breach of its

---

[1]  The Altman motion and reply seek dismissal of the Complaint on the grounds set forth in the Minahan/Poyner Motion and reply [DE's 51 and 69].

Defendant Robert L. Cox ("Cox") also filed a Motion to Dismiss (the "Cox Motion") [DE 75] and requested that the action be dismissed against him on the grounds set forth in the "papers" filed by the Minahan/Poyner Defendants.  Although Cox did not join in the notice to reinstate [DE 97], the analysis of this Order shall also apply to the Cox Motion as well.

Unless otherwise stated, the Minahan/Poyner Defendants, Altman and Cox shall be collectively referred to as the "Defendants."

2

fiduciary duty.

After the Motion to Dismiss was filed, Plaintiff and the Minahan/Poyner Defendants, Cox and Altman negotiated a settlement of this action and a pending action in the United States District Court for the Eastern District of New York. After an objection and intervention by Vincent Beatty and Devken, Inc., purported large shareholders, the Court denied approval of the settlement finding that the settlement would extinguish claims of the objecting parties and therefore, was not fair, adequate and reasonable. [DE 96 at 5]. The Court now turns to resolve the motions to dismiss pending at the time of the settlement [DE 97].[2]

Defendants argue that dismissal of this action is warranted because (1) Plaintiff has failed to establish diversity jurisdiction, (2) Plaintiff has failed to state a claim under RICO and therefore, has failed to establish jurisdiction under RICO, and (3) Plaintiff is not a fair and adequate plaintiff under Rule 23.1 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.").[3] In opposition, Plaintiff asserts that the Complaint states a RICO claim under 18 U.S.C. §§1962(b), (c) and (d). Plaintiff also seeks to limit the scope of review to the Complaint and to exclude "irrelevant" and "squarely disputed" facts that

---

[2]   The Court had directed the parties to file a Notice as to any motions a party wished to have reinstated. Only the motions to dismiss [DE 50 and 51] were so noticed [DE 97]. No further action has been taken in the New York action, according to the docket in Silverman & Minahan Beverage Co. v. Cox, et al, 08-Civ-02718-LDW (E.D.N.Y.).

[3]   Defendants also seek dismissal based on failure to state a claim for a resulting trust, usurpation of a corporate opportunity and ownership of the Simply Fit trademark. Minahan/Poyner Motion at 12-20 [DE 50]. Since sufficient grounds exist to dismiss this Complaint for lack of jurisdiction, this Court declines to address these other grounds and Plaintiff's response to these grounds.

Defendants assert in support of their Motion.  Plaintiff argues that legal authority exists to support its other claims for a constructive trust, usurpation of corporate opportunity and ownership of the Simply Fit trademark.

## II.  DISCUSSION

### A.  Rule 12(b) Standards

Under Fed. R. Civ. P. 12(b)(1), a defendant may assert a "facial attack" to subject matter jurisdiction in which event the court will look to the complaint to determine whether the plaintiff has sufficiently alleged subject matter jurisdiction. Lawrence v. Dunbar, 919 F.2d 1525, 1528-29 (11th Cir. 1990).  On a facial attack, the court assumes that the allegations of the complaint to be true and determines whether the plaintiff has alleged a sufficient basis for subject matter jurisdiction.  Id. at 1529.  A defendant may also bring a "factual attack" where a trial court may weigh the evidence and satisfy itself as to the existence of its power to hear the case and "no presumptive truthfulness attaches to plaintiff's allegations."  Id. (quoting Williamson v. Tucker, 645 F.2d 404, 412-13 (5th Cir. 1981)).[4]

Under Fed. R. Civ. P. 12(b)(6), a court shall grant a motion to dismiss where, based upon a dispositive issue of law, the factual allegations of the complaint cannot support the asserted cause of action.  Glover v. Liggett Group, Inc., 459 F.3d 1304, 1308 (11th Cir. 2006).  Indeed, "[f]actual allegations must be enough to raise a right to

---

[4] In Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (en banc), the United States Court of Appeals for the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

4

relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Thus, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570).

Nonetheless, a complaint must be liberally construed, assuming the facts alleged therein as true and drawing all reasonable inferences from those facts in the plaintiff's favor. Twombly, 550 U.S. at 555. A complaint should not be dismissed simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations. Id. Accordingly, a well pleaded complaint will survive a motion to dismiss "'even if it appears that a recovery is very remote and unlikely.'" Id. at 556 (citation omitted).

### B. Simply Fit is Properly Aligned as a Defendant in this Derivative Action

Defendants allege that "[i]f SF Holdings is aligned as a plaintiff in this action then the lack of diversity is even clearer because Mr. Plunkett alleges that it is a Florida corporation with a principal place of business in Florida and most of the other defendants are Florida residents and entities." Minahan/Poyner Motion at 11, n. 7 [DE 50]. In a derivative action, the plaintiff stockholder is considered the nominal plaintiff and the corporation is the real party in interest. Although the corporation is initially named as a defendant, once joined and present before the court, the corporation may be realigned according to its real interest. Liddy v. Urbanek, 707 F.2d 1222, 1224 (11th Cir. 1983). The Court now engages in that realignment.

5

The general rule is that a corporation is properly aligned as a plaintiff in a shareholder's derivative action except when corporate management is actively antagonistic to the interests of the shareholders.  Liddy, 707 F.2d at 1224.  Antagonism exists to support aligning the corporation as a defendant "if the management of the corporation is actively aligned against the plaintiff shareholder and his lawsuit" such that "the shareholder and the corporation are actually on opposing sides of the controversy."  Liddy, 707 F.2d at 1224; *accord* Duffey v. Wheeler, 820 F.2d 1161 (11th Cir. 1987).

Determining whether to realign a corporation as a plaintiff or allow it to remain as a defendant is resolved by the pleadings and the nature of the dispute.  "Thus, if the complaint in a derivative action alleges that the controlling shareholders or dominant officials of the corporation are guilty of fraud or malfeasance, then antagonism is clearly evident and the corporation remains a defendant."  Liddy, 707 F.2d at 1224.

Based on the allegations contained in the Complaint, this Court is satisfied that for purposes of deciding diversity jurisdiction, the Company, alleged to be controlled by Defendants, is antagonistic to the interests of Plaintiff and the other shareholders.  The Complaint is replete with allegations of fraud and malfeasance perpetrated by the Defendants based on their control over the Company and its operations.  Therefore, for the purpose of deciding diversity jurisdiction, the Company is properly aligned as a defendant in this action.

### C.  The Complaint Fails to Support this Court's Jurisdiction

Federal courts are courts of limited jurisdiction.  The presumption is that a federal court lacks jurisdiction in a particular case until it has been demonstrated that jurisdiction over the subject matter exists.  <u>United States v. Rojas</u>, 429 F.3d 1317, 1320 (11th Cir. 2005).  The facts showing the existence of jurisdiction must be affirmatively alleged in the complaint.  <u>Taylor v. Appleton</u>, 30 F.3d 1365, 1367 (11th Cir. 1994).  It is within a court's discretion to permit a plaintiff to cure any pleading deficiencies by amending his complaint.  <u>Nadler v. Am. Motors Sales Corp</u>., 764 F.2d 409 (5th Cir. 1985).  Defendants argue that jurisdiction is lacking in the absence of complete diversity between Plaintiff and Defendants and because Plaintiff has failed to adequately plead a RICO claim to support federal jurisdiction.

#### 1.  The Complaint Fails to Plead the Individual Parties' Citizenship

Defendants argue that the Complaint fails to state the citizenship of the parties and therefore, jurisdiction cannot be based on diversity jurisdiction.  In his Response, Plaintiff does not respond to Defendants' argument against diversity jurisdiction.

When a federal court's jurisdiction is premised upon the diversity of citizenship between the parties, the plaintiff bears the burden of demonstrating in the complaint that complete diversity of citizenship exists between the parties.  28 U.S.C. §1332[5];

---

[5]     28 U.S.C. §1332 provides, in relevant part, that:

(a)    The district courts shall have original jurisdiction of all civil actons where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between -

Taylor, 30 F.3d at 1367.  It is well settled that an allegation of residence is not sufficient to establish citizenship for diversity of jurisdiction purposes.  Nadler, 764 F.2d at 413; Delome v. Union Barge Line Co., 444 F.2d 225, 233 (5th Cir. 1971).

The Complaint defectively alleges the grounds for diversity jurisdiction because it fails to allege the citizenship of Plaintiff or the individual Defendants.  Nadler, 764 F.2d at 413.  Allegations of the residencies of Plaintiff and the individual Defendants[6] is insufficient to establish their citizenship for the purpose of establishing diversity jurisdiction.  Therefore, because Plaintiff has failed to allege the citizenship of Plaintiff and the individual Defendants, diversity jurisdiction has not been established.

---

    (1)    citizens of different States;

28 U.S.C. §1332(a)(1) (2009).  The Complaint alleges the matter in controversy exceeds the sum of $75,000. Complaint at ¶21. [DE 13]. The Defendants do not contest the amount in controversy.

[6] The Complaint contains allegations of only the residency of Plaintiff and the individual Defendants:

> "3. Plaintiff Michael G. Plunkett resides at 7 Milemore Court, Fort Salonga, NY 11768. . .
>
> 9. Defendant Cort L. Poyner ("Poyner") (alias "Silverman") is, on information and belief, a resident of the state of Florida, with an address of 1768 Bay Drive, Pompano Beach, Florida 33062. . .
>
> 12. Defendant Daniel Minahan resides, on information and belief, at 920 NE 16th Terrace #2, Fort Lauderdale, Florida 33334. . .
>
> 17. Defendant Robert Lee Cox is an individual who resides, according to a Schedule 13D filed on June 13, 2008 with the SEC, at 2501 N.W. 34th Place, Unit 24, Pompano Beach, FL 33069, and at 16 Woodhollow Lane, Fort Salonga, NY 11768. . ."

Complaint at 2-6 [DE 13].

## 2. The Amended Complaint
## Fails to State Civil RICO Claims

Defendants argue that Plaintiff has failed to state a civil RICO claim to support this Court's federal question jurisdiction. To prevail on a civil RICO claim under 18 U.S.C. §1964, a plaintiff must prove a violation of 18 U.S.C. §1962, injury to business or property and that such injury was "by reason of" the substantive RICO violation. Williams v. Mohawk Indus., Inc., 465 F.3d 1277, 1282-1283 (11th Cir. 2006); Avirgan v. Hull, 932 F.2d 1572, 1577 (11th Cir. 1991). Each subsection of Section 1962 sets forth a different cause of action, each with different statutory elements.

To survive a motion to dismiss, a plaintiff must allege facts sufficient to support each of the statutory RICO elements. Furthermore, a RICO plaintiff must plead mail fraud and wire fraud with particularity in accordance with Fed. R. Civ. P. 9(b) and set forth the time, place and person responsible for each act. Brooks v. Blue Cross & Blue Shield of Fla., Inc., 116 F.3d 1364, 1380-82 (11th Cir. 1997); Ageloff v. Kiley, 318 F.Supp.2d 1157, 1159 (S.D. Fla. 2004); Durso v. Summer Brook Preserve Homeowners Ass'n, 641 F.Supp.2d 1256, 1265-66 (M.D. Fla. 2008).

The Complaint alleges that this court "has original jurisdiction over this civil RICO action pursuant to 28 U.S.C. §1331 and 18 U.S.C. §1964(a) and may exercise supplemental jurisdiction over all state law claims stated herein, pursuant to 28 U.S.C. §1367 as all claims are directly related and inextricably intertwined." Complaint at ¶22 [DE 13]. Count VIII of the Complaint sets forth the civil RICO claim and states that the "civil RICO claim [is] predicated upon mail and wire fraud against all Defendants in this

9

action, pursuant to 18 U.S.C. 1964" and that "Defendants intentionally participated in a complex scheme to defraud Plaintiff of money and property." Complaint at ¶¶120-121 [DE 13].

The Complaint fails to cite to 18 U.S.C. §1962 or which subsection(s) Defendants have allegedly violated. Although Count VIII of the Complaint realleges and incorporates the allegations set forth in the prior 118 paragraphs, Plaintiff simply lists eight activities by which "Defendants carried out the scheme" to defraud Plaintiff of money and property without specifying which facts in the Complaint support which statutory RICO elements.[7] For example, Plaintiff fails to plead with particularity the identity of the person responsible for each alleged act of mail fraud and wire fraud and instead lumps together all of the Defendants. Brooks, 116 F.3d at 1381.

Perhaps in recognition of the Complaint's deficient pleadings, on the same day

---

[7] The Complaint lists the following "unlawful means" supporting Plaintiff's RICO claims as follows:

> "a) Assault and battery on the Company's President and CEO, Cox;
> b) Threats to and intimidation and coercion of Cox;
> c) Bribery of officers of the Company, including Cox;
> d) Conversion of at least $1,455,000 of cash;
> e) Theft, conversion and/or fraudulent transfer of the Company's intellectual property, including its Trademark;
> f) Causing the Company to enter into fraudulent and/or self dealing contracts and instruments . . . which were unsupported by consideration, were not in the best interests of the Company, and constituted fraudulent transfers, conversion, breach of fiduciary duty, unlawful acts, misappropriation and/or corporate waste;
> g) Material misrepresentations and material omissions to investors;
> h) Material misrepresentations and material omissions to the Company's distributors and sales agents;"

Complaint at ¶122 [DE 13].

that Plaintiff filed his Response, Plaintiff also filed a Rule 12.1 Civil RICO Case Statement that alleges that Defendants' alleged unlawful conduct is in violation of 18 U.S.C. §§1962(b), (c) and (d) [DE 59]. However, Plaintiff may not bypass the pleading requirements of RICO complaints by filing the Rule 12.1 Civil RICO Statement or pleading the statutory elements of his RICO claims in his Response in lieu of amending the Complaint.

Therefore, this Court concludes that the Complaint does not state a claim under RICO. Accordingly, the RICO claims, as pleaded in the Complaint, cannot support federal question jurisdiction. However, Plaintiff is granted leave to file a Second Amended Complaint to fix all of the pleading deficiencies described above.[8]

### D.  Plaintiff is a Fair and Adequate Plaintiff under Fed. R. Civ. P. 23.1

Because the Court is allowing leave to amend the Complaint, it is appropriate at this time to consider the issue of Plaintiff's adequacy as a derivative plaintiff under Fed. R. Civ. P. 23.1. Defendants argue that Plaintiff is an "inadequate derivative plaintiff" under Fed. R. Civ. P. 23.1 because "his interests conflict with those of SF Holdings and other of its securities holders." Minahan/Poyner Motion at 20 [DE 50]. Plaintiff does not defend his position as a fair and adequate plaintiff under Fed. R. Civ. P. 23.1 other than to argue that Defendants' allegations of Plaintiff's conduct and Defendants'

---

[8] In the absence of federal jurisdiction based on diversity or federal RICO jurisdiction, this Court declines to exercise supplemental jurisdiction over the remaining claims until and unless Plaintiff has sufficiently alleged federal jurisdiction. 28 U.S.C. §1367; Durso, 641 F.Supp.2d at 1268-69. However, the Court will not dismiss these claims at this time, as Plaintiff has leave to file a Second Amended Complaint.

countercharges of a "pirating operation" are outside the scope of the Motion to Dismiss and are contrary to the allegations in the Complaint. Response at 3-4 [DE 60].

Fed. R. Civ. P. 23.1 states that a "derivative action may not be maintained if it appears that the plaintiff does not fairly and adequately represent the interests of shareholders or members who are similarly situated in enforcing the right of the corporation or association." Fed. R. Civ. P. 23.1 (2009).[9]  The Eleventh Circuit recognizes that "a shareholder derivative suit is an extraordinary procedural device, 'to be used only when it is clear that the corporation will not act to redress the alleged injury to itself.'" Stepak v. Addison, 20 F.3d 398, 402 (11th Cir. 1994)(quoting 7C Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure: Civil 2d* §1831, at 96 (1986)).  "[T]he representation requirement is designed to ensure that a stockholder bringing suit derived from the corporation's interest will assume strict 'fiduciary' responsibilities." First Am. Bank & Trust v. Frogel, 726 F.Supp. 1292, 1297 (S.D. Fla. 1989)(citing Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541 (1949)). The burden is on the defendants to show that a plaintiff will not fairly and adequately

---

[9]    Defendants have not argued that Plaintiff has not met the pleading requirements of Fed. R. Civ. P. 23.1(b).  The Complaint alleges that Plaintiff is the owner of 400,000 shares of the Company's common stock and that Plaintiff has made a demand on Cox, as the sole board member of the Company, to take action against the Defendants and that further demand would be futile. Complaint at ¶¶3-7 [DE 13].

However, Plaintiff does not "allege that the action is not a collusive one to confer jurisdiction that the court would otherwise lack" in accordance with the pleading requirements of Fed. R. Civ. P. 23.1(b)(2). Failure to plead lack of collusion is not fatal to a derivative action where the facts alleged in the complaint do not establish the existence of collusion. Kohler v. McClellan, 156 F.2d 908, 909 n. 1 (5th Cir. 1946).  In the present case, the Complaint demonstrates that Plaintiff did not acquire his interest in the Company to confer jurisdiction on this Court.

represent a corporation and its shareholders. Smallwood v. Pearl Brewing Co., 489 F.2d 579, 593, n. 15 (5th Cir. 1974).[10]

In determining whether a plaintiff will fairly and adequately represent the interests of other shareholders, in the Eleventh Circuit a court will consider whether such plaintiff: "(1) is a true party in interest; (2) is familiar with the litigation and willing to learn about the suit; (3) is supported by other shareholders; and (4) maintains a personal commitment to the suit." McDonough v. Americom Int'l Corp., 905 F.Supp. 1016, 1023 (M.D. Fla. 1995) (citing Rothenberg v. Security Mgmt. Co., 667 F.2d 958 (11th Cir. 1982)).  "While a plaintiff is not necessarily disabled to bring suit simply because some of his interests extend beyond that of the class, the court may take into account outside entanglements that render it likely that the representative may disregard the interests of the other class members." Blum v. Morgan Guar. Trust Co. of N.Y., 539 F.2d 1388, 1390 (5th Cir. 1976).

Defendants first argue that a conflict exists between the interests of Plaintiff

---

[10]   The Court is not persuaded by the cases cited by Defendants for their broad proposition that this Court may consider documents other than the Complaint in determining whether Plaintiff qualifies as a derivative plaintiff under Fed. R. Civ. P. 23.1 (such as as Defendant Minahan's declaration). In each case cited, the issue of the scope of review was not before the courts. E.g., Smith v. Ayres, 977 F.2d 946 (5th Cir. 1992)("virulent antagonism" evident from derivative plaintiff's own brief and prior legal proceedings involving the same parties before the court); Owen v. Modern Diversified Indus., Inc., 643 F.2d 441 (6th Cir. 1981)(based on deposition, derivative plaintiff with stock valued at $21 brought shareholder derivative action for the "admitted purpose of protecting his interest as a [$34,900] creditor of the corporation").  Unlike the motions to dismiss before this Court, two of Defendants' cited cases involved motions for preliminary injunction in which the court held a hearing. Innovative Therapy Products Inc. v. Roe, No. Civ. A. 98-1506, 1998 WL 405049 (E.D. La. July 17, 1998); Bender v. Parks, No. Civ. A. 03-2485 (RMC), 2004 WL 3737124 (D. D.C. January 15, 2004).

versus the Company and other shareholders and alleges that Plaintiff might be liable to shareholders to whom he sold Company stock using misleading information and without a license.  Defendants further allege that Plaintiff was involved in a conspiracy to take over the Company's business.  This argument is not persuasive.  Fed. R. Civ. P. 23.1 does not require that a derivative plaintiff represent the interest of all shareholders or represent shareholders with whom he is not similarly situated.  Plaintiff has alleged that he has the support of nineteen other shareholders of the Company.  Complaint at ¶4 [DE 13].  In addition, any alleged conflict between Plaintiff and Defendants over control over the Company is not determinative here because the Minahan/Poyner Defendants and Altman are not shareholders of the Company.

Defendants also characterize this action as a "collusive anticipatory lawsuit" and allege that "Mr. Plunkett can use this action to pressure the defendants to allow him to steal the Simply Fit franchise for himself."  Minahan/Poyner Motion at 22 [DE 50].  In the Complaint, Plaintiff describes events happening after the initiation of this case, including the filing of a federal action in the United States District Court for the Eastern District of New York by one of the Defendants (the "New York Action").  Complaint at 22 [DE 13].  The filing of the New York Action by Silverman & Minahan Beverage Company, LLC against Plaintiff and other individuals suggests that it is the Minahan/Poyner Defendants who are seeking to obtain leverage in this action over Plaintiff by multiplying the proceedings.  Furthermore, the relief that Plaintiff seeks in this derivative action will inure to the benefit of the Company and all shareholders, including Plaintiff.

Defendants finally allege that Plaintiff's violations of federal securities laws and "Mr. Plunkett's involvement in a conspiracy with SF Holdings officers to take over SF Holdings' business" disqualify him as a derivative plaintiff.  Minahan/Poyner Motion at 20-21 [DE 50].  It is within this Court's "sound discretion" to decide whether "unclean hands" should disqualify Plaintiff as a fair and adequate derivative plaintiff.  Wolf v. Frank, 477 F.2d 467, 475-76 (5th Cir. 1973).  In Wolf, the former Fifth Circuit upheld the finding that a plaintiff was a fair and adequate derivative plaintiff notwithstanding defendants' allegation that plaintiffs had violated Securities and Exchange Commission statutes and rules.  Judge Goldberg stated that "Plaintiffs' actions, alleged to be illegal, were in no way involved with the transactions for which the District Court granted derivative relief."  477 F.2d at 476.  Similarly, without passing on the merits of Defendants' factual contentions raised in the Motion, the subject matter of this action relates to actions of the Defendants, and in particular, the Poyner/Minahan Defendants, regarding the Company and the Simply Fit trademark that preceded and are independent of any subsequent actions taken by Plaintiff.

For the foregoing reasons, this Court concludes that Plaintiff qualifies as a fair and adequate derivative plaintiff under Fed. R. Civ. P. 23.1.

### III.  CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Defendants' Motions to Dismiss [DE's 50, 51 and 75] are **GRANTED** in part;

2. Plaintiff shall have until January 8, 2010, to file a Second Amended Complaint

      which adequately alleges either diversity jurisdiction or federal question jurisdiction;

3.     Failure of Plaintiff to file an amended complaint by January 8, 2010 will result in the dismissal of this action for lack of jurisdiction and the closing of this case.

      **DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida on this 22nd day of December, 2009.

                                                JAMES I. COHN
                                                United States District Judge

Copies provided to the following:

Counsel of record

Robert L. Cox
16 Wood Hollow Lane
Northport, New York 11768