UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 08-60953-CIV-COHN/SELTZER

MICHAEL G. PLUNKETT, derivatively on
behalf of SIMPLY FIT HOLDINGS GROUP, INC.,

    Plaintiff,

v.

CORT L. POYNER; DANIEL MINAHAN; DP
MINAHAN, INC.; SILVERMAN & MINAHAN
BEVERAGE COMPANY, LLC; THE
SILVERMAN & MINAHAN GROUP, LLC;
MAZEL TUFF, LLC; ROBERT L. COX;
CARL FELDMAN; SMITTEN PRESS:
LOCAL LORE AND LEGEND, INC. and
ALTMAN & COMPANY P.C.,

    Defendants.

SIMPLY FIT HOLDINGS GROUP, INC.,

    Derivative Plaintiff and
    Nominal Defendant.
_____/

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS**
**ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL**

**THIS CAUSE** is before the Court upon Defendants Daniel Minahan, Cort Poyner, DP Minahan, Inc., Mazel Tuff, LLC, The Silverman & Minahan Group, LLC, Silverman & Minahan Beverage Company, LLC and Altman & Company, P.C.'s ("Altman") Motion to Dismiss [DE 103] and Plaintiff's Counsel's Motion for Leave to Withdraw [DE 108]. The Court has carefully considered the Motions, Plaintiff's response to the Motion to Dismiss [DE 107], Defendants' Reply to the Motion to Dismiss and Response to the

Motion for Leave to Withdraw [DE 109], and is otherwise fully advised in the premises.[1]

## I.  BACKGROUND

This shareholder derivative action was commenced by Plaintiff on behalf of Simply Fit Holdings Group, Inc. ("Simply Fit Holdings").  The Verified Second Amended Complaint (the "Complaint") [DE 101] contains nine counts, including breach of fiduciary duty, fraudulent transfers, conversion, corporate waste, trademark infringement, and a civil claim under 18 U.S.C. §1964 pursuant to the Racketeer Influenced and Corrupt Organizations Act ("RICO").  In addition to seeking damages, the Complaint also requests a declaratory judgment declaring certain contracts to be null and void, as well as a preliminary and permanent injunction.

The Court had previously granted in part Defendant's Motion to Dismiss the Verified First Amended Complaint because Plaintiff had failed to sufficiently establish diversity jurisdiction and failed to state a claim under RICO.  The Court denied the motion on the issue of whether Plaintiff is not a fair and adequate plaintiff under Rule 23.1 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.").  The Court allowed Plaintiff leave to amend, resulting in the Second Amended Complaint.

Defendants now move to dismiss the new Complaint.  The Defendants again spend an inordinate number of pages discussing their version of the facts of this case, taking

---

[1]  The Court has also received an ex parte letter from Plaintiff Michael Plunkett, dated June 15, 2010, which opposes the Motion for Leave to Withdraw.  Due to the request contained within this letter for confidentiality as to its contents, and because the letter contains confidential information and is limited to the issue of representation of Plaintiff, the Court grants this request not to docket the Plaintiff's letter.

detailed issue with Plaintiff's theory that Simply Fit Holdings owns the intellectual property ("IP") that makes up its functional beverage business, rather than Defendants having ownership of the critical IP.  Defendants also argue that Plaintiff has failed to state a claim under RICO against Altman & Co., counsel for Defendants.  Plaintiff opposes the motion.

Plaintiff's counsel has moved to withdraw from this action.  Plaintiff himself opposes the motion, while Defendants do not oppose withdrawal.

## II.  DISCUSSION

### A.  Failure to State a Claim Standard

Under Fed. R. Civ. P. 12(b)(6), a court shall grant a motion to dismiss where, based upon a dispositive issue of law, the factual allegations of the complaint cannot support the asserted cause of action.  Glover v. Liggett Group, Inc., 459 F.3d 1304, 1308 (11th Cir. 2006).  Indeed, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Thus, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570).

Nonetheless, a complaint must be liberally construed, assuming the facts alleged therein as true and drawing all reasonable inferences from those facts in the plaintiff's favor.  Twombly, 550 U.S. at 555.  A complaint should not be dismissed simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations.  Id.  Accordingly, a well pleaded complaint will survive a motion to dismiss

"'even if it appears that a recovery is very remote and unlikely.'" Id. at 556 (citation omitted).

The primary focus of Defendants' argument that the Second Amended Complaint be dismissed with prejudice is that Plaintiff's theory that Simply Fit Holdings owns the IP is "demonstrably false."[2] Defendants contend that the Court can rely upon the exhibits that are referred to in the complaint, are central to Plaintiff's claims, and whose contents are not in dispute in reaching this merits-based decision. Financial Sec. Assur., Inc. v. Stephens, Inc., 500 F.3d 1276, 1284 (11th Cir. 2007). While this is a correct statement of the law, in this case, the Plaintiff's specific allegations regarding the alleged torts surrounding the execution of certain documents are afforded all reasonable inferences in the Plaintiff's favor. For example, the allegations that Defendants diverted the purchase of the Simply Fit IP to Defendants provide sufficient factual contentions to state claims to relief that are plausible on their face. Sec. Am. Compl. ¶¶ 46-67. Thus, arguments regarding the relative merits of Plaintiff's version of the facts compared with Defendants' version are not germane to consideration of a motion to dismiss, even if the underlying documents themselves are not in dispute.[3]

---

[2] In their reply memorandum in support of the Motion to Dismiss, Defendants add the argument that Plaintiff lacks standing to pursue the claims because Simply Fit Holdings does not own the trademarks at issue. Defendants did not raise a "standing" argument in their initial motion. Nonetheless, regardless of the label, the analysis the Court utilizes to conclude that Plaintiff has stated claims for relief would cover this belatedly-raised argument.

[3] Without prejudging the issue, the Court notes that even if the Court could convert Defendants' motion under Rule 12(d) as one for summary judgment under Rule 56, Plaintiff's allegations surrounding the execution of the documents relied upon by Defendants to refute the allegations would probably result in denial of a summary judgment motion as well. In addition, in a fact-based action such as this one, no ruling

## B.  RICO Claim

Defendants' second argument is that the Second Amended Complaint fails to state a civil RICO claim against Defendant's counsel, Altman & Co.  To prevail on a civil RICO claim under 18 U.S.C. §1964, a plaintiff must prove a violation of 18 U.S.C. §1962, injury to business or property and that such injury was "by reason of" the substantive RICO violation.  Williams v. Mohawk Indus., Inc., 465 F.3d 1277, 1282-1283 (11th Cir. 2006); Avirgan v. Hull, 932 F.2d 1572, 1577 (11th Cir. 1991).  To survive a motion to dismiss, a plaintiff must allege facts sufficient to support each of the statutory RICO elements.  For those actions wherein the predicate acts are mail fraud and wire fraud, as is the present case,[4] those acts must be plead with particularity in accordance with Fed. R. Civ. P. 9(b) and set forth the time, place and person responsible for each act.  Brooks v. Blue Cross & Blue Shield of Fla., Inc., 116 F.3d 1364, 1380-82 (11th Cir. 1997); Ageloff v. Kiley, 318 F.Supp.2d 1157, 1159 (S.D. Fla. 2004); Durso v. Summer Brook Preserve Homeowners Ass'n, 641 F.Supp.2d 1256, 1265-66 (M.D. Fla. 2008).

In its prior Order granting Defendant's Motion to Dismiss the Verified First Amended Complaint, the Court found that the Complaint failed to include allegations regarding which subsection(s) of 18 U.S.C. §1962 Defendants allegedly violated.  In

---

on summary judgment can be made absent an opportunity for the opposing party to conduct discovery.  Fed. R. Civ. P. 56(f).

[4]  See Sec. Am. Compl., ¶¶125, 138, 151, 161 and 168.  In Plaintiff's Response to the Motion to Dismiss, Plaintiff relies upon a conspiracy theory under 18 U.S.C. § 1962(d) for the claim against Altman & Co.

5

addition, the Court noted that the RICO claim merely listed eight activities by which "Defendants carried out the scheme" to defraud Plaintiff of money and property without specifying which facts in the Complaint support which statutory RICO elements.

Plaintiff has added additional allegations that correct these prior pleading deficiencies. In opposition to the present motion to dismiss regarding the RICO claim against Defendant Altman, Plaintiff asserts that to state a conspiracy claim under 18 U.S.C. § 1962(d), Plaintiff need not prove that Altman committed predicate acts. Although Plaintiff only cited criminal cases for this proposition, the United States Court of Appeals for the Eleventh Circuit recently confirmed the same standard for civil cases. American Dental Ass'n v. Cigna Corp., 605 F.3d 1283 (11th Cir. 2010). "A plaintiff can establish a RICO conspiracy claim in one of two ways: (1) by showing that the defendant agreed to the overall objective of the conspiracy; or (2) by showing that the defendant agreed to commit two predicate acts." 605 F.3d at 1293.

Plaintiff asserts that even though it need not show predicate acts by Altman, it has nonetheless done so. Defendant Altman contends that Plaintiff has failed to sufficiently allege mail or wire fraud under the standard required by Rule 9(b) of the Fed. R. Civ. P. that "[i]n all averments of fraud . . . the circumstances constituting fraud . . . shall be stated with particularity." Fed. R. Civ. P. 9(b). The Eleventh Circuit stated in Ziemba v. Cascade Int'l, Inc., 256 F.3d 1194 (11th Cir. 2001), that: "Rule 9(b) is satisfied if the complaint sets forth (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner

6

in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud." 256 F.3d at 1202 (quotations and citations omitted); American Dental Ass'n, 605 F.3d at 1291.  Allegations of date, time, or place satisfy the requirement of Rule 9(b) that the circumstances of the fraud be alleged with particularity, but alternative means are also available to satisfy the rule.  Durham v. Business Management Associates, 847 F.2d 1505, 1512 (11th Cir. 1988).

The Second Amended Complaint contains sufficiently specific allegations to support a civil RICO conspiracy claim against Altman & Co.  Sec. Am. Compl., ¶¶ 58-66, 173-184.  Without repeating long paragraphs of the Second Amended Complaint, Steven Altman purportedly knew of and assisted with the scheme whereby Messrs. Poyner and Minahan used the mails and wires to defraud Simply Fit Holdings of the Simply Fit IP by first acting as though Simply Fit Holdings would obtain the IP through a loan by Poyner (or an entity under his control), but surreptitiously double-dealing to usurp the corporate opportunity for their own controlled entities to own the Simply Fit IP. Id.  The allegedly fraudulent predicate acts of Altman include sending a legal bill to Simply Fit through the wires for work performed to draft, negotiate and close on the Asset Ascertainment, Due Diligence and Purchase Agreement and the Alibrandi Employment Agreement, when in fact his efforts resulted in the assets being owned by Messrs. Poyner and Minahan rather than Simply Fit Holdings.  Sec. Am. Compl. ¶¶ 175, 177.  Upon a complete review of the additional allegations, the Court concludes that Defendants' Motion to Dismiss should be denied.

### C.   Motion to Withdraw as Counsel

Plaintiff's counsel, Edwards Angell Palmer & Dodge LLP ("EAPD" or "Counsel"), has moved to withdraw its appearance as counsel in this action because of the extended failure to pay EAPD's legal fees and expenses.   Counsel reports that Plaintiff and Simply Fit owe "hundreds of thousands of unpaid legal fees," resulting in irreconcilable differences between Plaintiff, Simply Fit and EAPD.  EAPD states that it gave Mr. Plunkett six weeks notice as of May 26, 2010, that it would withdraw after filing its opposition to the motion to dismiss.  EAPD argues that it has continued to represent its clients vigorously, despite non-payment over an extended period of time.  Defendants do not oppose the motion.

As noted above in footnote 1, Michael Plunkett filed a pro se opposition to the motion to withdraw, including exhibits outlining the parties agreements.  Mr. Plunkett states that he was surprised to receive the motion.  He contends that the agreements he signed with EAPD require Counsel to remain in this case, that Mr. Spiro has unique and extensive knowledge of this case that is invaluable to Plaintiff, and that it would be difficult to obtain new counsel.  Mr. Plunkett requested that the details that he puts forth are confidential information that would be damaging if made part of the public record.  The Court agrees with not docketing Plunkett's response.

The Court has reviewed the agreements between Mr. Plunkett and EAPD attached to the response and concludes that they do not require EAPD to continue to represent Plaintiff.  In fact, the documents state that EAPD, in its sole and absolute discretion, can decide whether to provide additional legal services.  The documents confirm that the outstanding legal bill is indeed several hundreds of thousands of

dollars, an amount that Mr. Plunkett does not dispute. While any party would be disadvantaged if a long-term counsel in a heavily litigated case withdrew from representation, the Court does not know of an applicable legal reason to require EAPD to continue to represent Plaintiff under these circumstances.

### III.  CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Defendants Daniel Minahan, Cort Poyner, DP Minahan, Inc., Mazel Tuff, LLC, The Silverman & Minahan Group, LLC, Silverman & Minahan Beverage Company, LLC and Altman & Company, P.C.'s ("Altman") Motion to Dismiss [DE 103] is hereby **DENIED**;

2. Defendants shall file an Answer to the Second Amended Complaint by August 31, 2010;

3. The Court will set pretrial deadlines and a trial setting by separate order;

4. Plaintiff's Counsel's Motion for Leave to Withdraw [DE 108] is hereby **GRANTED**;

5. The law firm of Edwards Angell Palmer & Dodge LLP, and attorneys Carl Mauro, Esq., Alan Spiro, Esq. and Donald Frechette, Esq. are hereby relieved of further responsibility in this case and may be terminated from this action on CM/ECF;

6. Attorney Gary Woodfield, Esq., local counsel for Plaintiff, shall file a statement regarding his status in this case by August 20, 2010;

7. Until the status of Attorney Gary Woodfield, Esq. is clarified, the Clerk shall include Michael Plunkett in service of all court orders, at 7 Milemore Court, Fort

Salonga, NY 11768.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida on this 9th day of August, 2010.

JAMES I. COHN
United States District Judge

Copies provided to the following:

Counsel of record

Robert L. Cox
16 Wood Hollow Lane
Northport, New York 11768

Michael Plunkett
7 Milemore Court
Fort Salonga, NY 11768